881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald Lee CRAWFORD, Petitioner-Appellant,
v.
Thomas J. STICKRATH, Supt., Respondent-Appellee.
 Nos. 88-3772, 88-4097.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 In these consolidated appeals, Ronald Lee Crawford, a pro se Ohio prisoner, appeals the district court's dismissals of his two petitions for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the records and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1982, pursuant to a plea agreement, Crawford pleaded guilty to conspiracy to commit burglary; he was sentenced to an indeterminate term of three to ten years. In 1986, Crawford was released on parole. Shortly thereafter, Crawford was arrested and charged with possession of burglary tools; the Ohio Parole Board later revoked his parole. To date, Crawford has filed six motions for post-conviction relief in the Ohio courts, and three habeas petitions. In 1988, Crawford filed his second habeas petition arguing that his parole was illegally revoked because the revocation was based upon evidence obtained through an illegal search and seizure, and that there was insufficient evidence to support the Board's decision. The district court denied the petition finding that the exclusionary rule did not apply to parole revocations, and that the evidence was sufficient to support the Board's decision to revoke Crawford's parole. Crawford now appeals that ruling in Case No. 88-3772. Thereafter, Crawford filed his third habeas petition arguing that he received ineffective assistance of counsel because counsel withheld an affidavit from his brother, a co-defendant, which would have exonerated Crawford of any wrongdoing in connection with the 1982 burglary charge. Crawford also alleged that the trial judge was aware that he was innocent of conspiracy to commit burglary because the evidence at best only supported a charge of conspiracy to commit breaking and entering. The magistrate recommended that the petition be denied as an abuse of the writ under Rule 9(b) of the Rules governing Sec. 2254 proceedings. The magistrate found that the ineffective assistance of counsel claim had been previously decided on the merits in Crawford's first habeas petition. The magistrate also found that the second claim, regarding the trial judge's knowledge, could have been asserted in an earlier petition, and thus, was subject to dismissal under Rule 9(b). The district court adopted the magistrate's recommendation over petitioner's objections. Crawford appeals that order in Case No. 88-4097 and requests the appointment of counsel.
 
 
 4
 Upon review, we deny the request for counsel and hereby affirm the district court's judgment under review in Case No. 88-3772 for the reasons stated by the district court in its memorandum opinion dated August 16, 1988. We also affirm the judgment under review in Case No. 88-4097 for the reasons stated by the magistrate in his report dated October 21, 1988, as adopted by the district court in its order dated November 15, 1988. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation